Henry Epstein, J.
Plaintiff moves for summary judgment and for judgment on the pleadings dismissing the counterclaim of Seaford-Mar Marina, Inc., on the ground that it does not state facts sufficient to constitute a cause of action.
Plaintiff’s complaint is grounded on a series of 14 negotiable promissory notes payable to N. Pinsker & Co., Inc. Defendant Mar-Marina admits the making of the notes but denies that Pinsker negotiated the notes for value to plaintiff.
Defendant N. Pinsker & Co., Inc., by separate motion seeks summary judgment against Seaford Mar-Marina, Inc., in the event that plaintiff obtain judgment against the latter.
*33 There is no doubt that the note in question was negotiable and if plaintiff takes the note under the following conditions, he is a holder in due course: (1) that it is complete and regular on its face; (2) that he became the holder of it before it was overdue and without notice that it had been previously dishonored if such was the fact; (3) that he took it in good faith and for value; (4) that at the time it was negotiated to him he had no notice of any infirmity in the instrument or defect in the person negotiating it.
To constitute notice of an infirmity in an instrument or defect in the title of the person negotiating same, the person to whom it is negotiated must have actual knowledge of the infirmity or defect or knowledge of such facts that his action in taking the instrument amounted to bad faith.
In Hall v. Bank of Blasdell (306 N. Y. 336, 341) we find the following: “ As the statute itself makes evident, its requirement ‘ is good faith, and bad faith is not mere carelessness. It is nothing less than guilty knowledge or willful ignorance. * * * One who purchases commercial paper for full value * * * is not bound at his peril to be upon the alert for circumstances which might possibly excite the suspicions of wary vigilance. He does not owe to the party who puts negotiable paper afloat the duty of active inquiry, to avert the imputation of bad faith. The rights of the holder are to be determined by the simple test of honesty and good faith, and not by speculations in regard to the purchaser’s diligence or negligence ’. (Manufacturers & Traders Trust Co. v. Sapowitch, 296 N. Y. 226, 229-230.) ”
Applying this test to the instant facts, the conclusion is clear that plaintiff must prevail and so the motion is granted.
Settle order.